T.C. Memo. 2008-96

UNITED STATES TAX COURT

LUCKENS FELIX, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21983-06.                Filed April 14, 2008.

Luckens Felix, pro se.

<u>Lauren B. Epstein</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

SWIFT, <u>Judge</u>:  Respondent determined a $5,924 deficiency in
petitioner's Federal income tax for 2005.

The issues for decision include petitioner's entitlement to
dependency exemptions, to head of household filing status, to an
earned income credit of $2,493, and to child tax credits of $323
and $1,677.

All section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

At the time the petition was filed, petitioner resided in Tampa, Florida.

Petitioner works in Tampa, and petitioner's wife lives in Avon Park, Florida. Since March 14, 1999, on weekdays petitioner has lived in an apartment in Tampa, Florida, with his aunt and with his aunt's son, J.S.[1] Petitioner's aunt leases the apartment from the Florida Housing Authority.

On weekdays beginning in March 2005, petitioner's godson, K.M., also lived in the Tampa apartment because K.M. was under the care of a doctor in Tampa. Before March 2005, K.M. lived full time with his mother in Avon Park.

On most weekends from March to December 2005, petitioner returned to Avon Park, approximately 63 miles from Tampa, to be with his wife and to return K.M. to his mother, who lived across the street from petitioner's wife.

In 2005, J.S. was 12 years old, and K.M. was 2 years old.

---

[1] The Court uses initials when referring to minor children.

The monthly rent due on the Tampa apartment was approximately $250, but because petitioner's aunt did not have a job in 2005, the monthly rent was waived by the Florida Housing Authority, and neither petitioner's aunt, petitioner, nor anyone else paid rent in 2005 on the Tampa apartment in which petitioner lived with the above individuals.

During 2005, because petitioner's aunt did not have a job, petitioner paid all utility bills and other costs of maintaining the Tampa apartment. Petitioner also paid for all of the food and groceries that he, his aunt, J.S., and K.M. consumed.

On his 2005 Federal income tax return, petitioner reported more than $11,750 in earned income. Also, petitioner claimed dependency exemptions for J.S. and K.M., head of household filing status, the earned income credit, and child tax credits for J.S. and K.M., each of which respondent disallowed.

OPINION

Dependency Exemptions

Generally, dependency exemptions are allowed for qualifying children of a taxpayer and for qualifying relatives of a taxpayer. Secs. 151(c), 152(a).

Neither J.S. nor K.M., as a cousin and as a godson of petitioner, qualifies as a child of the taxpayer. However, an individual may, for dependency exemption purposes, be a qualifying "relative" of a taxpayer if the individual meets the

relationship, gross income, and support tests of section 152(d)(1).

In his posttrial memorandum, respondent concedes that under section 152(d)(1) J.S. is to be treated as a qualifying relative and that petitioner is entitled to a dependency exemption for 2005 with regard to J.S.

For K.M. to be treated as a qualifying relative of petitioner, K.M. must, among other things, have lived with petitioner as a member of petitioner's household for the full year in 2005. Sec. 1.152-1(b), Income Tax Regs. This full-year residency requirement is relaxed somewhat for "temporary" absences. In this regard, section 1.152-1(b), Income Tax Regs., provides as follows:

> The taxpayer and dependent will be considered as occupying the household for such entire taxable year notwithstanding temporary absences from the household due to special circumstances * * * [such as] illness, education, business, vacation, military service, or a custody agreement under which the dependent is absent for less than six months * * *.

Because K.M. resided with his mother, not with petitioner, during January and February 2005 and because K.M.'s residence with his mother during those 2 months does not qualify under the above regulation as a temporary absence, petitioner is not entitled to a dependency exemption with regard to K.M. for 2005.

Head of Household Filing Status

Under section 1(b), a special tax rate applies to a taxpayer who qualifies as head of a household. To be treated as head of a household, a taxpayer must, among other things, have maintained as his or her home a household which constituted the principal place of abode of a qualifying child for more than one-half of the year. Sec. 2(b)(1). However, for this purpose, J.S.--who qualifies as a dependent for exemption purposes under section 152(d)(1) only because of the "household" test of section 152(d)(2)(H)--does not qualify as a qualifying child for purposes of petitioner's claim to head of household filing status. See sec. 2(b)(3)(B).

Accordingly, petitioner does not qualify for head of household filing status.

Earned Income Credits

Under section 32(a), a taxpayer may be entitled to an earned income credit if the taxpayer has a qualifying child or if the taxpayer, among other things, has earned income for the year of $11,750 or less. See Rev. Proc. 2004-71, sec. 3.06, 2004-2 C.B. 970, 973.

Neither J.S. nor K.M. qualifies as a qualifying child for petitioner under section 32(c)(3), see sec. 152(c)(1)(A), (2),[2] and petitioner earned more than $11,750.

Petitioner is not entitled to the earned income credit for 2005.

Child Tax Credits

Under section 24(a), a taxpayer may be entitled to a child tax credit with respect to each qualifying child described in section 152(c). As we have held above, neither J.S. nor K.M. qualifies as a qualifying child under that section.

Petitioner is not entitled to child tax credits for 2005.

To reflect the foregoing,

Decision will be entered

under Rule 155.

---

[2] To qualify as a qualifying child under sec. 152(c), to which sec. 32(c)(3) refers, an individual must be either a child or descendant of the taxpayer, or a brother, sister, stepbrother, or stepsister of the taxpayer or a descendant of any such relative. Sec. 152(c)(1)(A), (2).